UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:17-26 |
| **ORRETT CAMPBELL,** | : | (JUDGE MANNION) |
| Defendant | : | |

## MEMORANDUM

Before the court is the *pro se* motion to vacate his sentence pursuant to 28 U.S.C. §2255 filed by the defendant Orrett Campbell ("Campbell"), (Doc. 141). For the reasons set forth below, the motion will be **DENIED**.

### I.  BACKGROUND

On February 19, 2016, Campbell was charged with one count of drug trafficking conspiracy and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime. (Doc. 1). On January 9, 2018, Campbell entered into a plea agreement wherein he agreed to plead guilty to the latter count. (Doc. 88). On July 24, 2018, Campbell appeared in court, was placed under oath and, after questioning, the court accepted his guilty plea. (Doc. 94). During his colloquy, Campbell admitted, as the factual basis for his guilty plea, that he conspired with Joseph Virgona to sell high-grade marijuana to Pablo Martinez. When Virgona met with Martinez to sell the marijuana, Martinez trapped Virgona in

a pickup truck and drove off, attempting to rob him. Campbell pursued in his own vehicle and, when he saw a firearm go off in the truck's cab, he fired several shots from his handgun at the fleeing pick up truck.

On July 24, 2018, on motion by the government, the court departed below what would have been the applicable mandatory minimum 120-month sentence and ultimately sentenced Campbell to 96 months imprisonment. (Doc. 129). Campbell did not file an appeal.

On July 15, 2019, Campbell filed the instant motion, (Doc. 141), and, on August 5, 2019, the government filed its response, (Doc. 143).

## II.  STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. See *United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

notify the moving party." See *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. See *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III. DISCUSSION

In his motion, Campbell lists two grounds as the basis for his motion to vacate. First, he alleges an *Alleyne* violation[1] and, second, he argues his sentence is unconstitutional pursuant to *Davis*.[2]

With respect to his *Alleyne* argument, Campbell alleges his sixth amendment rights were violated "by [the] District Court when the court determine[d] my ten year mandatory sentence base[d] on Judge found facts without a prejudice offense." (Doc. 141, at 4).

In response, the government notes that Campbell does not indicate which facts he believes the court incorrectly found but contends that, in any case, the point is moot because Campbell admitted to all the facts required to support his conviction. To that end, the government argues *Alleyne* is inapplicable. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime which must be submitted to the jury and found beyond a reasonable doubt. 570 U.S. at 103. Thus, because Campbell waived a jury trial and admitted to the facts underlying his conviction under 18 U.S.C. §924(c)(1)(A), no *Alleyne* issue exists.

The court agrees with the government. During the guilty plea colloquy, Campbell freely and voluntarily admitted to the facts that established the

---

[1] *Alleyne v. United States*, 570 U.S. 99 (2013).

[2] *United States v. Davis*, 139 S.Ct. 2319 (2019).

elements of the crime of discharging a firearm during and in relation to a drug trafficking crime. "[E]lements that increase the mandatory minimum are established in accordance with *Alleyne* when the defendant admits those facts in connection with his guilty plea." *United States v. Crossan*, No. 13-5342, 2014 WL 695057, at *2 (E.D.Pa. Feb.24, 2014) (citing *United States v. Yancy*, 725 F.3d 596 (6th Cir. 2013); *United States v. Harris*, 543 Fed.App'x 587 (7th Cir. 2013); *United States v. Oliver*, 544 Fed.App'x 858 (11th Cir. 2013)). Accordingly, although the facts underlying Campbell's conviction were not presented to a jury, his sixth amendment rights were not violated in light of the fact that he, himself, admitted them during his guilty plea colloquy.

As to Campbell's argument regarding *Davis*, he states, "There must be a predicate act of enhancement. I plead guilty of any mandatory act violation. I plead guilty to [§]924(c)(1)(A) only, which was recently declared unconstitutional under [*United States v. Davis*]. Therefor[e], one serving a sentence that was v[oi]d [sic] ab initio. Respectfully asking for my immediate release." (Doc. 141, at 5).

The court understands this argument to mean that Campbell believes his conviction is *void ab initio* because *Davis* declared unconstitutional the statute under which he was convicted. Campbell, however, misreads *Davis.* In *United States v. Davis*, the Supreme Court held that 18 U.S.C. §924(c)(3)(B)'s residual clause definition of "crime of violence" as a felony

- 5 -

"that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. 139 S.Ct. at 2336. This was so, the Court held, since it required a "categorical" approach for determining whether an offense qualified as a crime of violence, wherein a judge would disregard how the defendant actually committed the crime and instead estimate "the degree of risk posed by a crime's imagined 'ordinary case.'" *Id.* at 2326.

Here, however, as the government observes, *Davis* is inapplicable to Campbell's case since, as noted, he was convicted under 18 U.S.C. §924(c)(1)(A). While *Davis* declared subsection 924(c)(3)(B) unconstitutionally vague, its holding did not impact subsection 924(c)(1)(A), relating to drug trafficking. Accordingly, *Davis* has no bearing on Campbell's conviction and does not constitute a basis for vacating his sentence.

Therfore, for these reasons, and the court will **DENY** Campbell's motion to vacate. (Doc. 141). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 8, 2021**
17-026-01